## Crowder v. Barnes Automobile Co.

March 8, 1949.

Frank A. Logan and Arthur T. Iler for appellant.
Sam T. Jarvis and Alfred C. Ross for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This appeal is from a judgment on a directed verdict given in favor of Barnes Automobile Company at the conclusion of the evidence offered by Dr. C. G. Crowder, plaintiff below. Dr. Crowder sought to recover damages for the alleged wrongful withholding of a new Ford automobile.

In July, 1945, Dr. Crowder entered into a written agreement with the Company for the purchase of a new Ford automobile. The agreement did not provide for any specific date of delivery or price, or for any particular type of car. Among other things it provided that the $25.00 down payment would be applied upon the remaining purchase price of the car if delivery was accepted within 48 hours after the purchaser was notified that it was ready for delivery. In the event of the purchaser's failure to accept delivery the original payment of $25.00 was to be retained by the Company as liquidated damages. The agreement also contained this provision:

"It is expressly agreed that the purchaser acquires no right, title or interest in or to the property which he agrees to purchase hereunder until such property is delivered to him and either the full purchase price is paid in cash or a satisfactory deferred payment agreement is executed by the parties hereto, the terms of which shall thereafter be controlling."

Dr. Crowder testified that on January 30, 1946, an officer of the Company met him at the foot of his office steps and told him that he had a De Luxe model Ford that he could have, and that within 30 minutes he offered to pay the balance of the purchase price. No car was delivered to Dr. Crowder on that date, however, apparently, because of a dispute as to whether he should trade in a used car at the OPA selling price. On one or two other occasions the delivery of a new Ford automobile was offered to Dr. Crowder, but it was not until July, 1946, that he accepted a new Ford Super De Luxe model.

Proceeding upon the theory that title to an automobile passed to him on January 30th, Dr. Crowder instituted this action to recover damages for the wrongful

withholding of the car. We think the parties entered into a binding agreement under which the Company was obligated to deliver to Dr. Crowder a new Ford automobile. It may be, as contended by the Company, that an action for specific performance of the agreement would not lie because of the absence of specific provisions as to the model and type of car. But the controlling question here is, When did the parties intend that title should pass to the purchaser?

It is expressly provided in KRS 361.180 that, under a contract to sell specific or ascertained goods, title is transferred to the buyer at such time as the parties to the contract intend it to be transferred. This section further provides:

"(2) For the purpose of ascertaining the intention of the parties, regard shall be had to the terms of the contract, the conduct of the parties, usage of trade and the circumstances of the case."

The appellant takes the position that the provision of the purchase agreement which gave him 48 hours after being notified that the car was ready for delivery to accept or refuse delivery, shows that both parties intended that title to the car should pass during that period if there was an acceptance by the purchaser. This overlooks the provision of the purchase agreement heretofore quoted which expressly provided that the purchaser acquired no right, title or interest in the property until it was delivered to him and either the full purchase price paid in cash or a satisfactory deferred payment plan entered into.

The Company may or may not have violated their original agreement to deliver a new Ford automobile to Dr. Crowder on January 30, 1946, but that question is not the subject of this action.

For the reasons given we think the judgment should be and it is affirmed.